UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PATRICK MALONEY and | ) | No. 10 B 20171 |
| CYNTHIA MALONEY, | ) | |
| | ) | |
| Debtors. | ) | Judge Goldgar |

## FINAL PRETRIAL ORDER

This matter is set for hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 613, Chicago, Illinois, on July 6, 2012, at 9:30 a.m. on confirmation of the plan of reorganization and approval of the disclosure statement of debtors Patrick and Cynthia Maloney. At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings in this case:

1. **Continuances.** The hearing date is firm and will be the hearing date regardless of any amended plan the debtor files. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least fourteen (14) days before the hearing date.

2. **Discovery.** To the extent discovery is required, final discovery cut-off is June 15, 2012. All discovery, whether expert or fact discovery, must be completed by that date.

3. **Exhibits and Exhibit Lists.** Twenty-one (21) days before the hearing date, the parties must exchange copies of all exhibits to be introduced into evidence. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number.

In addition to the exhibits, the parties must exchange a list of the numbered exhibits. Next to each exhibit a brief description of each exhibit must be provided.

Demonstrative exhibits that the parties intend to use at the hearing must also be marked, included on the exhibit lists, and exchanged twenty-one (21) days before the hearing date.

The exhibit list must be filed with the court, and one (1) set of the exhibits

and one (1) copy of the exhibit list must be submitted to chambers on the date the list is filed. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed. Group exhibits must be sequentially paginated by Bates stamp or some comparable method.*

If no written objection to an exhibit is filed with the court and tendered to the proponent within seven (7) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence. A specific ground must be stated for each objection or the objection will be deemed waived. Demonstrative exhibits will be deemed admitted "as "demonstrative only."

4. **Witnesses and Witness Lists.** Twenty-one (21) days before the hearing date, all parties must exchange and file with the court a list of all witnesses they intend to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

5. **Objections and Responses.** Objections to plan confirmation or to approval of the disclosure statement are due no later than June 6, 2012. The debtor's response to any objections is due no later than June 20, 2012. The page limit for objections is fifteen (15) pages. The page limit for the response is twenty (20) pages.

6. **Compliance with this Order.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

    a. Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

    b. Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice*, 21 F.3d 767 (7th Cir. 1994).

    c. Any legal claim, theory or argument not raised and thoroughly discussed in a party's objection to confirmation or the response, with

appropriate citations to legal authority, will be deemed waived. The claim will not be considered, and no evidence relevant to it will be admitted. *SNA Nut Co. v. Haagen-Dazs Co.*, 302 F.3d 725 (7th Cir. 2002).

d. Only parties who file written objections in accordance with this Order will be permitted to present evidence or arguments at the hearing. Failure to file an objection will bar a party from presenting any witnesses or introducing any evidence and will be deemed a waiver of all objections to confirmation of the plan or approval of the disclosure statement. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

Dated: April 4, 2012

_____
A. Benjamin Goldgar
United States Bankruptcy Judge